*E-Filed: December 18, 2013*

MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

KIMBERLY E. HOPKINS (MABN 668608)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Email: kimberly.hopkins@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV 13-1699 HRL |
| Plaintiff, | SETTLEMENT AGREEMENT |
| v. | |
| APPROXIMATELY $36,022 IN UNITED STATES CURRENCY, AND APPROXIMATELY 147,500 IN MEXICAN PESOS, | |
| Defendant. | |

The parties stipulate and agree as follows:

    1.    Plaintiff is the United States of America ("United States"). Defendant is $36,022 in United States Currency ("USC") and 147,500 in Mexican Pesos. After proper notification and publication was given, Luis Buenrostro (claimant) filed a claim for defendant currency. Claimant is the only claimant in this action. The United States and the claimant are hereafter referred to as the "parties" in this document, which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

    2.    The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and

SETTLEMENT AGREEMENT                        1
CV 13-1699 HRL

voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties.

3. The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

4. Claimant asserts that he is the sole owner and sole claimant to defendant currency seized on or about August 24, 2012.

5. Claimant represents that he has had the opportunity to consult with an attorney, and he has carefully read and understands the scope and effect of the provisions of this Settlement Agreement.

6. The parties have agreed that the United States will return $36,022 of defendant currency to Claimant. The return of $36,022 in USC (and all interest accrued thereon, subject to any delinquent debts owed to any federal, state, or local agencies) shall be in full settlement and satisfaction of any and all claims by Claimant, his heirs, representatives and assignees to the defendant currency. Claimant, his heirs, representatives and assignees, shall hold harmless the United States, any and all agents, officers, representatives and employees of same, including all federal, state, and local enforcement officers, for any and all acts directly or indirectly related to the seizure and forfeiture of the defendant currency.

7. Claimant does not contest that the remainder of the defendant currency (147,500 in Mexican pesos, plus all interest accrued on that amount) is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6). Claimant withdraws any administrative claim and consents to the forfeiture of the remainder of the defendant currency to the United States (administrative or judicial, civil, or criminal) without further notice to him. Claimant further relinquishes all right, title, and interest in the remainder of the defendant currency and agrees that said currency shall be forfeited to the United States and disposed of according to law by the United States. Claimant agrees not to assist any other individual or entity in any effort to falsely contest this forfeiture. Claimant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment, and including statute of limitations.

8. Each party shall pay its own attorney fees and costs.

SETTLEMENT AGREEMENT            2
CV 13-1699 HRL

9. Based on the foregoing Settlement Agreement between the United States and the claimants, the Parties agree that, subject to the Court's approval, this action be and hereby is DISMISSED and that the proposed JUDGMENT OF FORFEITURE which is submitted with this Settlement Agreement be entered.

IT IS SO STIPULATED:

MELINDA HAAG
United States Attorney

Dated: 12/16/13

KIMBERLY E. HOPKINS
Assistant United States Attorney

Dated: 12/15/13

RUBEN T. MUNOZ
Attorney for Luis Buenrostro

Dated: 12/15/13

LUIS BUENROSTRO
LUIS BUENROSTRO
Claimant

BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS 17 DAY OF December, 2013.

HON. HOWARD R. LLOYD
United States Magistrate Judge

SETTLEMENT AGREEMENT
CV 13-1699 HRL

3